**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**LORRIE ONICE MULDREW,**

Plaintiff,

Civ. No. 3:16-CV-00106-MO

vs.

OPINION AND ORDER

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

Defendant.

**MOSMAN, J.,**

Lorrie Onice Muldrew ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding her not disabled under Title II of the Social Security Act. For the reasons below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

**BACKGROUND**

Born in June 1963, Plaintiff was 48 years old on the alleged disability onset date of July 1, 2011. Tr. 144. Plaintiff speaks English, earned a high school diploma and completed a year of community college. Tr. 168, 170, 317, 336, 425, 486. On December 5, 2011 Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB").[1] Tr. 144-45. Her claim was denied initially on June 12, 2012, and upon reconsideration on January 9, 2013. Tr.

[1] On December 5, 2011, Plaintiff also protectively filed an application for Supplemental Security Income ("SSI"). Tr. 146-54. Plaintiff's SSI claim is not before this court.

82-85, 87-89. Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). Tr. 90-91. An administrative hearing was held on April 22, 2014 before ALJ Paul G. Robeck at which time Plaintiff amended her alleged onset date to July 17, 2010. Tr. 36-58. On May 13, 2014, the ALJ issued a decision finding Plaintiff not disabled. Tr. 19-30. On November 18, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final Agency decision. Tr. 1-3; 20 C.F.R. § 422.210.

**DISABILITY ANALYSIS**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(l)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of July 17, 2010. Tr. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the hips, obstructive sleep apnea, and obesity. Tr. 21-24. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 24.

In assessing Plaintiff's RFC, the ALJ found that Plaintiff had the ability to perform light work, except "she can stand or walk only two out of eight hours. While seated she must be able to stand at will, but this would not cause any significant change in her work process. She can also occasionally climb, balance, stoop, kneel, crouch, or crawl." Tr. 24-28.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 28-29. At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 29-30. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) failing to reasonably credit the medical opinions of Dr. Sharon Eder and Dr. Neal Berner; (2) improperly rejecting medical source statements from nurse practitioner Alice Abrams; and (3) failing to provide a clear and convincing reason for discrediting her symptom testimony. Pl.'s Br. 4-14.

### I. The ALJ Reasonably Credited the Medical Opinions of Dr. Sharon Eder and Dr. Neal E. Berner

First, Plaintiff essentially argues the ALJ failed to credit the opinion of state agency reviewing physician, Dr. Sharon Eder, who found Plaintiff could only lift ten pounds

occasionally and frequently in her RFC assessment. Pl.'s Br. 4-8. Specifically, Plaintiff argues the ALJ provided no reason for rejecting Dr. Eder's weight limitations and finding the opinion of Dr. Neal Berner, a second state agency reviewing physician who found Plaintiff could lift twenty pounds occasionally, "more consistent" with the medical record. *Id.* at 4-6, Tr. 28.

The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The opinions of non-treating or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *Morgan v. Comm'r,* 169 F.3d 595, 600 (9th Cir. 1999).

Here, when assessing Plaintiff's RFC, the ALJ noted the opinions of both state agency medical consultants, finding they initially determined Plaintiff could lift up to ten pounds occasionally and ten pounds frequently, yet on reconsideration found she could lift up to twenty pounds occasionally. Tr. 28. The ALJ gave more weight to the second opinion of Dr. Berner, finding that his assessment that Plaintiff had the ability to lift twenty pounds occasionally was "more consistent with the record of evidence including the [Plaintiff's] activities of daily living and the objective medical record as discussed above." *Id*. The activities of daily living the ALJ discussed included Plaintiff's ability to care for her young daughter, including getting her ready and driving her to school, attending her children's baseball and softball games, swimming, and going out with relatives on trips or to run errands. Tr. 27, citing Tr. 333, 347, 457, 480, 491, 506, 511, 513. With respect to the objective medical record, the ALJ noted that Plaintiff's physical examinations from September 2011, December 2011, and August 2012 all showed normal muscle tone without spasm. Tr. 25-26, citing Tr. 318, 354, 511. The ALJ also found that

in December 2011 Plaintiff had no tenderness on palpation of her spine and in November 2012 her neck was non-tender. Tr. 25, citing Tr. 318, 441, 507. Additionally, the ALJ noted that when compliant with her treatment Plaintiff was "often successful in controlling her symptoms," reporting in August 2012, that when using her pain medication she was "fine" and, in November 2012 that her back pain was "well controlled on Lortab." Tr. 25-26, 506, 511.

Plaintiff argues that none of her activities or medical records specifically indicated that she was able to lift twenty pounds, therefore suggesting that the ALJ's reliance on Dr. Berner's finding of Plaintiff's ability to lift twenty pounds occasionally was not supported. Pl.'s Br. 6-8. However, this court finds the ALJ reasonably considered Plaintiff's activities of daily living and the medical evidence when evaluating the opinions of Dr. Eder and Dr. Berner and determining Plaintiff's RFC with respect to her weight carrying abilities. While variable interpretations of this evidence may exist, the ALJ's analysis was reasonable, such that it must be upheld. *Batson v. Comm'r*, 359 F.3d 1190, 1198 (9th Cir. 2004). The ALJ's decision is upheld as to this issue.

## II. The ALJ Provided a Germane Reason for Discrediting the Other Source Opinion of Nurse Practitioner Alice Abrams

Next, Plaintiff contends the ALJ improperly rejected medical source statements from nurse practitioner Alice Abrams. Pl.'s Br. 4-11.

In order to reject the testimony of a medically acceptable treating source, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record. *Valentine v. Comm'r*, 574 F.3d 685, 692 (9th Cir. 2009). However, nurse practitioners are defined as "other sources," not acceptable medical sources, and are thus entitled to lesser deference. 20 C.F.R. §404.1513(d); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). In order to reject evidence from "other sources," the ALJ must give germane reasons for doing so. *Id.*

The ALJ noted that Ms. Abrams diagnosed plaintiff with lumbago, depression, and anxiety, finding that Plaintiff's symptoms would interfere with her attention and concentration, that she would never walk without significant pain, and that she would need to rest in excess of typical work breaks. Tr. 28. Additionally, the ALJ found Ms. Abrams opined that Plaintiff could lift up to ten pounds frequently, never lift over ten pounds, and would miss work three to four times per month due to her impairments. *Id*.

The ALJ gave Ms. Abrams' opinion limited weight, first noting that although she "may provide insight into the severity of the claimant's impairments and how they affect her ability to function, she is not an acceptable medical source able to provide medical opinions in the record. See 20 CFR 404.1527(a)(2)." *Id*. Next, the ALJ found nurse practitioner Abrams' limitations were not supported by the objective medical evidence, and that Plaintiff specifically testified that her symptoms did not affect her ability to concentrate. *Id*.

This court finds the ALJ provided a germane reason for rejecting nurse practitioner Abram's medical opinion. When describing the objective medical evidence the ALJ noted that Plaintiff reported in March 2014 that she was "doing okay" with minimal anxiety and depression and that her counselor noted her symptoms had improved. Tr. 23, Tr. 456. The ALJ also found that despite complaints of pain in her spine Plaintiff regularly presented with a normal gait, negative straight leg raises, and full range of motion in her spine. Tr. 25, citing Tr. 318, 328, 349, 354, 441, 458, 491, 507, 511, 516. Plaintiff also reported in November 2012 that her back pain was "well controlled with daily [L]ortab." Tr. 506. Finally, the ALJ found that although Plaintiff hated using her CPAP she testified to having "good sleep" in January 2013 when using it, and in March 2013 reported sleeping well and having more energy during the day. Tr. 500, 504. The ALJ's finding that nurse Abram's medical opinion was not supported by the objective medical

evidence was a germane reason for rejecting her medical opinion. The ALJ's decision is upheld as to this issue.

## III. The ALJ Provided a Clear and Convincing Reason for Discrediting Plaintiff's Symptom Testimony

Finally, Plaintiff contends the ALJ failed to provide a clear and convincing reason for discrediting her symptom testimony with respect to her functional limitations. Pl.'s Br. 11-14. Specifically, Plaintiff argues the "slight inconsistencies" the ALJ cited between her testimony and the record with respect to her activities of daily living do not contradict the fact that she is limited to sitting for fifteen minutes at a time, standing for only five to ten minutes at a time, and lifting only five pounds. *Id*.

If "there is no affirmative evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281, 1283-84 (9th Cir. 1996)). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

Examples of clear and convincing reasons include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies either in the claimant's testimony or between his testimony and his conduct, daily activities inconsistent with the alleged symptoms, a sparse work history, testimony that is vague or less than candid, and testimony from physicians

and third parties about the nature, severity and effect of the symptoms complained of. *Tommasetti*, 533 F.3d at 1040; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *Light v. Social Sec. Admin.*, 119 F.3d 789,792 (9th Cir. 1997).

The ALJ found Plaintiff's statements concerning the "intensity, persistence and limiting effects of [her] symptoms [were] not credible" for the following reasons: (1) there were inconsistencies between Plaintiff's allegations and the objective medical findings; (2) Plaintiff was noncompliant with recommended treatment, and when compliant, her symptoms were controlled; (3) Plaintiff's activities of daily living were not as limited as expected given her alleged limitations; and (4) Plaintiff's testimony regarding her activities of daily living was inconsistent. Tr. 24-28.

As the ALJ denoted, there are inconsistencies between Plaintiff's allegations of physical symptoms and the objective medical findings. Indeed, although Plaintiff regularly presented with pain associated with palpations of her lumbar spine she was also noted to have a normal gait, full range of motion, and negative straight leg raises. *See, e.g.*, Tr. 354, 349, 318, 328, 516, 511, 441, 507, 458, 491. Additionally, the ALJ found the objective studies revealed "minimal findings," specifically noting a July 2010 x-ray of Plaintiff's cervical spine that was normal, and a March 2013 x-ray of Plaintiff's lumbar spine that showed "normal height and alignment of her lumbar vertebral bodies." Tr. 25, citing Tr. 431, 521. "Although lack of medical evidence cannot form the sole basis for discrediting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681.

Next, the ALJ noted Plaintiff's noncompliance with recommended treatment, and the overall success of controlling Plaintiff's physical and mental symptoms when she followed her recommended treatment plans. Tr. 26. An independent review of the record shows Plaintiff had a

long history of cancelling, arriving late, or failing to show up for numerous physical therapy appointments. *See e.g.*, Tr. 236, 246, 258, 260, 265, 267, 272, 274, 312, 385, 387, 401. Additionally, as noted by the ALJ, Plaintiff was noncompliant with her use of medications and CPAP for her sleep apnea, both of which had provided relief for Plaintiff with her mental and physical symptoms. *See e.g.*, Tr. 316, 331, 333, 433-34, 436, 490, 492, 499, 504, 511. When using her CPAP Plaintiff reported "[h]aving more energy during the day," and in November 2012 she reported that her back pain was "well controlled on Lortab." Tr. 506. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) ("unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" is a relevant factor in assessing credibility of pain testimony).

The ALJ also found Plaintiff's activities of daily living were not as limited given her alleged limitations, noting that she goes out with relatives to run errands, goes swimming, goes walking with her daughter, attends her children's baseball and softball games, and traveled to California to visit her son. Tr. 26-27, citing Tr. 190, 333, 347, 457, 473, 491, 506, 511, 513, 516. Although Plaintiff argues these activities do not contradict Plaintiff's limitations of sitting for fifteen minutes at a time, standing for only five to ten minutes at a time, and lifting only five pounds, this court finds the ALJ's finding that Plaintiff was not as limited as she alleged is reasonable and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted) (If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing.").

Finally, the ALJ noted that Plaintiff provided "inconsistent information regarding daily activities" which "she denied being able to do," yet was "noted performing in the record." Tr. 27. For example, the ALJ found that Plaintiff denied singing in the church choir, performing

household chores, caring for her children, cooking, and driving, yet cited evidence in the record to her performing each of these tasks. *See e.g.*, Tr. 260, 329, 333, 338, 516.

In sum, the ALJ provided a clear and convincing reason for discrediting Plaintiff's symptom testimony concerning the severity of her symptoms. Although variable interpretations of a claimant's testimony may exist, the ALJ's interpretation of a claimant's testimony will be upheld if it is a reasonable interpretation supported by substantial evidence. See *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's decision is upheld as to this issue.

**CONCLUSION**

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 20 day of December, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge